

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                    *973/645-2700*
*Newark, NJ 07102*

JRA/PL AGR
2010R00623

July 20, 2011

*11-CR-564*

Lorraine Gauli-Rufo
Assistant Federal Public Defender
Federal Public Defender's Office
1002 Broad St.
Newark, NJ 07102

              Re:  <u>Plea Agreement with Richard Davis</u>

Dear Mrs. Gauli-Rufo:

         This letter sets forth the plea agreement between your
client, Richard Davis ("DAVIS"), and the United States Attorney
for the District of New Jersey ("this Office").

<u>Charge</u>

         Conditioned on the understandings specified below, this
Office will accept a guilty plea from DAVIS to a one-count
Information, which charges him with failure to pay legal child
support obligations, in violation of 18 U.S.C. § 228(a)(3).  If
DAVIS enters a guilty plea and is sentenced on this charge, and
otherwise fully complies with all of the terms of this agreement,
this Office will not initiate any further criminal charges
against DAVIS for the willful failure to pay child support
obligations through the date of this agreement in connection with
the Final Judgment of Divorce issued by the Superior Court of New
Jersey, Essex County, Chancery Division, Family Part, on or about
January 26, 2001. However, in the event that a guilty plea in
this matter is not entered for any reason or the judgment of
conviction entered as a result of this guilty plea does not
remain in full force and effect, defendant agrees that any
dismissed charges and any other charges that are not time-barred
by the applicable statute of limitations on the date this
agreement is signed by DAVIS may be commenced against him,
notwithstanding the expiration of the limitations period after
DAVIS signs the agreement.

Sentencing

        The violation of 18 U.S.C. § 228(a)(3) to which DAVIS
agrees to plead guilty carries a statutory maximum prison
sentence of 2 years and a statutory maximum fine equal to the
greatest of:  (1) $250,000; (2) twice the gross amount of any
pecuniary gain that any persons derived from the offense; or (3)
twice the gross amount of any pecuniary loss sustained by any
victims of the offense.   Fines imposed by the sentencing judge
may be subject to the payment of interest.

        The sentence to be imposed upon DAVIS is within the
sole discretion of the sentencing judge, subject to the
provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742,
and the sentencing judge's consideration of the United States
Sentencing Guidelines.   The United States Sentencing Guidelines
are advisory, not mandatory.   The sentencing judge may impose any
reasonable sentence up to and including the statutory maximum
term of imprisonment and the maximum statutory fine.   This Office
cannot and does not make any representation or promise as to what
guideline range may be found by the sentencing judge, or as to
what sentence DAVIS ultimately will receive.

        Further, in addition to imposing any other penalty on
DAVIS, the sentencing judge:  (1) will order DAVIS to pay an
assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment
must be paid by the date of sentencing; (2) must order DAVIS to
pay restitution pursuant to 18 U.S.C. §§ 228(d) and 3663A; (3)
may order DAVIS, pursuant to 18 U.S.C. § 3555, to give notice to
any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583,
may require DAVIS to serve a term of supervised release of not
more than 1 year, which will begin at the expiration of any term
of imprisonment imposed.   Should DAVIS be placed on a term of
supervised release and subsequently violate any of the conditions
of supervised release before the expiration of its term, DAVIS
may be sentenced to not more than 1 year's imprisonment in
addition to any prison term previously imposed, regardless of the
statutory maximum term of imprisonment set forth above and
without credit for time previously served on post-release
supervision, and may be sentenced to an additional term of
supervised release.

        In addition, DAVIS agrees to make full restitution for
all losses resulting from the offense of conviction or from the
scheme, conspiracy, or pattern of criminal activity underlying
that offense, to the custodial parent of S.D., in the amount
equal to the total unpaid support obligation as it exists at the
time of sentencing.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DAVIS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of DAVIS's activities and relevant conduct with respect to this case.

Stipulations

This Office and DAVIS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or DAVIS from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and DAVIS waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

- 3 -

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DAVIS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against DAVIS.

<u>No Other Promises</u>

        This agreement constitutes the plea agreement between DAVIS and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                   Very truly yours,

                   PAUL J. FISHMAN
                   United States Attorney

                   By:  José R. Almonte
                   Assistant U.S. Attorney

APPROVED:

Serina M. Vash, Unit Chief
General Crimes Unit

- 5 -

I have received this letter from my attorney, Lorraine
Gauli-Rufo, Assistant Federal Public Defender.  I have read it.
My attorney and I have discussed it and all of its provisions,
including those addressing the charge, sentencing, stipulations,
waiver, and immigration consequences.  I understand this letter
fully.  I hereby accept its terms and conditions and acknowledge
that it constitutes the plea agreement between the parties.  I
understand that no additional promises, agreements, or conditions
have been made or will be made unless set forth in writing and
signed by the parties.  I want to plead guilty pursuant to this
plea agreement.


AGREED AND ACCEPTED:

_____          Date:  O(AUG\|
Richard Davis


        I have discussed with my client this plea agreement and
all of its provisions, including those addressing the charge(s),
sentencing, stipulations, waiver, and immigration consequences.
My client understands this plea agreement fully and wants to
plead guilty pursuant to it.

_____          Date:  8/1/11
Lorraine Gauli-Rufo,
Assistant Federal Public Defender


- 6 -

Plea Agreement With Richard Davis

Schedule A

1.    This Office and Richard Davis ("DAVIS") recognize
that the United States Sentencing Guidelines are not binding upon
the Court.  This Office and DAVIS nevertheless agree to the
stipulations set forth herein, and agree that the Court should
sentence DAVIS within the Guidelines range that results from the
total Guidelines offense level set forth below.  This Office and
DAVIS further agree that neither party will argue for the
imposition of a sentence outside the Guidelines range that
results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing
Guidelines effective November 1, 2010 applies in this case.  The
applicable guideline is U.S.S.G. § 2B1.1.  See U.S.S.G. § 2J1.1,
Application Note 2 ("For offenses involving the willful failure
to pay court-ordered child support (violations of 18 U.S.C. §
228), the most analogous guideline is § 2B1.1 . . . .").    This
guideline carries a Base Offense Level of 6.

3.    Specific Offense Characteristic 2B1.1(b)(1)(D)
applies because the loss is more than $30,000 but less than
$70,000.  This Specific Offense Characteristic results in an
increase of 6 levels.

4.    As of the date of this letter, DAVIS has clearly
demonstrated a recognition and affirmative acceptance of personal
responsibility for the offense charged.  Therefore, a downward
adjustment of 2 levels for acceptance of responsibility is
appropriate if DAVIS's acceptance of responsibility continues
through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

5.    In accordance with the above, the parties agree
that the total Guidelines offense level applicable to DAVIS is 10
(the "agreed total Guidelines offense level").

6.    The parties agree not to seek or argue for any
upward or downward departure, adjustment or variance not set
forth herein.  The parties further agree that a sentence within
the Guidelines range that results from the agreed total
Guidelines offense level of 10 is reasonable.

7.    DAVIS knows that he has and, except as noted below
in this paragraph, voluntarily waives, the right to file any
appeal, any collateral attack, or any other writ or motion,
including but not limited to an appeal under 18 U.S.C. § 3742 or

a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

          8.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.